**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **RUSSELL J. BUDZBAN,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 12 C 900** |
| **DuPAGE COUNTY REGIONAL OFFICE OF EDUCATION, ADDISON SCHOOL DISTRICT 4, JOHN R. LANGTON and JONATHAN HITCHCO, Individually,** | **Hon. Harry D. Leinenweber** |
| **Defendants.** | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Board of Education for Addison School District 4, Addison School District 4, John R. Langton, and Jonathan Hitchco's Motion to Dismiss Plaintiff's Second Amended Complaint. For the reasons stated herein, the Motion is granted in part and denied in part.

## I. FACTUAL BACKGROUND

Plaintiff Russell J. Budzban (hereinafter, "Budzban" or the "Plaintiff") was the Director of Building and Grounds at Defendant Addison School District 4 ("the District"). Plaintiff's employment with the District began in or about December 1995 and lasted until his termination on February 10, 2010. The instant case concerns the circumstances surrounding Plaintiff's termination.

In his Second Amended Complaint, Plaintiff alleges that Defendant John R. Langton, the superintendent of the District ("Langton") conspired with former assistant superintendent Jonathan Hitchco ("Hitchco") to terminate Plaintiff. Specifically, Plaintiff claims that on or about March 29, 2009, Langton and Hitchco brought Plaintiff into their office and presented him with a letter that purported to be from a law firm. The letter accused Plaintiff of sexual harassment and threatened him with civil charges. Apparently, Langton and Hitchco presented this letter to Plaintiff as a practical joke.

Plaintiff, however, was not amused. He contends that this letter was the beginning of a "scheme" to drive Plaintiff out of his job. Pl.'s Second Amended Compl. at 1. He claims that the purpose of the letter was to put him in a constant state of fear that his job was in jeopardy and avers that letter prompted further harassment from Langton and Hitchco.

Plaintiff also claims that he suffers from two disabilities - osteoarthritis and obesity. *Id.* at 4. Despite these disabilities, Plaintiff states that throughout his employment with Defendants he performed his job at satisfactory levels and never received "a meritorious complaint" about his job performance. *Id.* at 5. He contends that Defendants Langton and Hitchco were aware of his disabilities and the March 2009 letter was an attempt to aggravate Plaintiff's existing medical conditions.

In the summer of 2009, Marci Boyan ("Boyan") replaced Hitchco as assistant superintendent, and took the role of Plaintiff's supervisor. Plaintiff claims that almost immediately after Boyan took the position, she purposely sought to make Plaintiff's job more difficult in order to eventually terminate Plaintiff. Specifically, Plaintiff claims that Boyan gave him assignments that were beyond his job description without offering any additional training.

In the fall of 2009, Plaintiff claims he arranged a meeting with Langton to discuss the increased stress levels he was suffering as a result of the new job duties Boyan assigned him. Allegedly, Plaintiff asked Langton to talk to Boyan about the stress Boyan was imposing on Plaintiff. Langton refused to intervene on Plaintiff's behalf.

Shortly after the meeting with Langton, Plaintiff met with Boyan himself and informed her that he needed to schedule time off from work to undergo bariatric and knee replacement surgeries. At this time, Plaintiff assured Boyan that he would continue to perform his job satisfactorily until his surgeries and stated that he expected to return to work after the surgeries. Plaintiff claims that after this meeting, Boyan continued to make him feel that his job was in jeopardy and continued to aggravate his medical condition.

Case: 1:12-cv-00900 Document #: 51 Filed: 01/14/13 Page 4 of 17 PageID #:245

On or about February 8, 2010, Plaintiff received a letter from Administrative Services, informing him that he was being terminated. Plaintiff contends that the reason for the termination was the "pretext of a position elimination." *Id.* at 4.

On or about November 22, 2010, Plaintiff filed a charge of discrimination against the District with both the Illinois Department of Human Rights and Equal Employment Opportunity Commission (the "EEOC"). In January 2012, the EEOC issued Plaintiff a Right-to-Sue letter. *See* Pl.'s Compl.; Ex. D at 1.

On February 8, 2012, Plaintiff filed a Complaint in this Court against Defendants Langton, Hitchco, Board of Education for Addison School District 4 ("the Board), the District, and DuPage County Regional Office of Education. In his Second Amended Complaint, Plaintiff lodges twelve separate claims against various Defendants.

On October 10, 2012, Defendants the Board, the District, Hitchco, and Langton filed a Motion to Dismiss the entirety of Plaintiff's Complaint. In response, Plaintiff consented to the dismissal of Counts II, V, VIII, IX, XI, and XII, but argues dismissal of the remaining Counts is unwarranted.

## II. **LEGAL STANDARD**

When evaluating dismissal under Rule 12(b)(6), the Court takes all well-pleaded allegations of the Complaint as true and views them in the light most favorable to the plaintiff. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir.

2012). To satisfy the notice-pleading standard of Rule 8, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief, and is sufficient to provide the defendant with fair notice of the claim and its basis." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. *Ashcroft v. Iqbal*, 556 U.S. 662, 663-664 (2009).

### III. <u>ANALYSIS</u>

#### A. Count I

Count I alleges that all Defendants are liable under 42 U.S.C. § 1983. Defendants argue that Count I of Plaintiff's Complaint must be dismissed because Plaintiff fails to allege that he was deprived of a federal right.

To establish a *prima facie* case under Section 1983, a plaintiff must plead that "(1) the deprivation of a right secured by the Constitution and the laws of the United States; and (2) that the deprivation was committed by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Thus, the initial determination is whether Defendants deprived Plaintiff of a constitutional right. In Count I, Plaintiff claims Defendants

deprived him of liberty and property interests without due process of law. Plaintiff also alleges Defendants violated the Equal Protection clause of the Fourteenth Amendment.

### 1. Liberty Interest

In order to plead the deprivation of an occupational liberty interest, a plaintiff must allege "(1) the employer made stigmatizing comments; (2) the comments were publicly disclosed; (3) the plaintiff suffered a tangible loss of other employment opportunities as a result." *Bryant v. Gardner*, 545 F.Supp.2d 791, 800 (N.D. Ill. 2008). In instances such as these, the "employee's good name, reputation, honor, or integrity must be called into question in a manner that makes it virtually impossible for the employee to find new employment in his chosen field." *RJB Properties, Inc. v. Bd. of Educ. of the City of Chicago*, 468 F.3d 1005, 1011 (7th Cir. 2006). In his Complaint, Plaintiff's claimed liberty right is that he is entitled "not to be falsely accused of crimes, civil wrongs, or other acts that would be damaging to the Plaintiff's reputation." Pl.'s Memo. In Opp. to Defs.' Mots. to Dismiss the Second Amended Comp. at 7. However, Plaintiff fails to allege anywhere in his complaint that the comments in the March 2009 letter were publicly disclosed and fails to allege that the actions of Langton and Hitchco and the comments in the letter have prevented Plaintiff from securing employment elsewhere. As such,

the Court does not find Plaintiff has alleged a liberty interest for the purposes of Section 1983.

## 2. *Property Interest*

Plaintiff claims he is entitled to the property interest of "not being deprived of his public employment in ways that would violate the employer's established policies or established state and federal law." Pl.'s Comp. at 13. Defendants argue that Plaintiff fails to allege a protected property interest. The Court agrees.

To have a property interest protected by the Fourteenth Amendment, a Plaintiff must have "more than a unilateral expectation of [the claimed interest]." *Santana v. Cook County Bd. of Review*, 679 F.3d 614, 621 (7th Cir. 2012). Instead, a plaintiff must "have a legitimate claim of entitlement to it." *Id.* An entitlement arises when "statutes[,] regulations [or a contract] . . . establish a framework of factual conditions delimiting entitlements which are capable of being explored at a due process hearing." *Id.* citing *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010).

Plaintiff alleges that the entitlement to his property interest stems from "the employer's established policies or established state and federal law." Pl.'s Compl. at 13. He specifically references the Illinois School Code. *Id.* at 16.

For starters, Plaintiff fails to identify any state or federal law which purports to provide Plaintiff a continued right to employment as the Director of Building and Grounds. Given the Supreme Court's pleading standards in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*, the Court does not find Plaintiff's bald assertion that there is some state or federal law that entitles him to continued employment sufficient to claim a property interest. *See generally* 550 U.S. 544 (2007); 556 U.S. 662 (2009).

Next, the Court finds Plaintiff's reference to the Illinois School Code as the source of his property interest lacks merit.

In *Bruce v. Board of Education of the City of Chicago*, an employee levied a Section 1983 claim against various employer defendants claiming that he had a property interest in his job because of the relevant provisions in the Illinois School Code. *Bruce v. Board of Education of the City of Chicago*, No. 10-CV-1519, 2011 U.S. Dist. LEXIS 99411 at *19-21 (N.D. Ill. Aug. 31, 2011). In finding the plaintiff's claimed property right infirm, the court noted that the plaintiff only claimed an entitlement to certain procedures, and he failed to point to anything other than a provision in the Illinois School Code which provided him a protected interest in his job. *Id.* at *18-19. The plaintiff in *Bruce* claimed that the Illinois School Code was part of Illinois law and the defendants violated the Code because they failed to provide him 30 days' written notice, failed to provide him "a

statement of honorable dismissal[,]" and failed to offer him any new position that became available in the next calendar year. *Id.* at \*19 citing 105 ILCS 5.10-23.5.

The court in *Bruce* was not persuaded. It held "a violation of state or local procedure is not a denial of constitutional due process." *Id.* at \*20 citing *Osteen v. Henley*, 13 F.3d 221, 225 (7th Cir. 1993). Rather, "when the claimed deprivation of property is the loss of a job, the entitlement must be to a job, rather than just to a set of disciplinary procedures." *Campbell v. City of Champaign*, 940 F.2d 1111, 1113 (7th Cir. 1991).

The Court finds Plaintiff's allegations in this case analogous with the ones the Plaintiff made in *Bruce*. Here, Plaintiff cites the exact same provisions of the Illinois School Code as the plaintiff in *Bruce* as support of his claimed property interest. Moreover, nowhere in Plaintiff's complaint does he claim that he was a tenured employee or entitled to continued employment. Accordingly, the Court finds Plaintiff fails to establish a protected property interest for Section 1983 purposes.

### *3. Equal Protection*

Finally, Plaintiff argues that he has a viable Section 1983 claim because Defendants violated his Fourteenth Amendment right to equal protection. Plaintiff claims Defendants discriminated against him on the basis of his disability.

In order to state an equal protection claim under § 1983, this Court has held that a plaintiff must demonstrate that (1) he is a member of a protected class; (2) he was similarly situated to individuals not of the protected class; (3) he was treated differently than those similarly-situated individuals; and (4) those who treated him differently acted with discriminatory intent. *Guy v. State of Illinois*, 958 F.Supp. 1300, 1307 (N.D. Ill. 1997) (Leinenweber, J.) citing *Johnson v. City of Fort Wayne*, 91 F.3d 922, 944-45 (7th Cir. 1996).

Even assuming that the entirety of Plaintiff's allegations are true, the Court finds Plaintiff's Section 1983 equal protection pleadings deficient. In his complaint, Plaintiff merely states:

> [a]s a citizen of the United States and the State of Illinois, Plaintiff enjoyed numerous statutory protections in his employment by the Defendant, including the right not to be discriminated against on the basis of age or disability, as well as the protections of the Illinois School Code, which have been cited above.

Pl.'s Compl. at 13.

While Plaintiff seems to imply that because he is disabled he is a member of a protected class, he fails to allege that he was similarly situated to other educational support staff employees who were not disabled, and he was treated differently than those similarly situated employees. As such, the Court finds Plaintiff fails to state sufficiently an equal protection 1983 claim.

Because the Court finds Plaintiff's pleadings fail to allege a liberty or property interest, and fail to allege an equal

protection claim under Section 1983, the Court dismisses Count I of Plaintiff's Complaint.

### B. Counts III & IV

In Counts III and IV, Plaintiff alternatively claims that Defendants Langton and Hitchco are liable under Section 1983 in their individual capacities. In his Complaint, Plaintiff incorporates the allegations from Count I as support for Counts III and IV.

In light of the Court's finding that Plaintiff failed to allege a valid liberty or property interest and failed to allege an equal protection claim under the Fourteenth Amendment, the Court dismisses Counts III and IV.

### C. Count VI

Count VI alleges that the District and the Board violated 42 U.S.C. § 12112(a) for failing to accommodate Plaintiff because of his disabilities. Defendants argue Count VI of Plaintiff's Complaint should be dismissed because Plaintiff fails to allege how Defendants neglected to accommodate Plaintiff and fails to allege that his disability limited his ability to perform his job.

In order to establish a failure to accommodate claim under the Americans with Disabilities Act ("ADA"), a plaintiff must claim that (1) he is "a qualified individual with a disability"; (2) the defendant was aware of the disability; and (3) the defendant failed to reasonably accommodate the disability. *EEOC v. Sears, Roebuck*

& *Co.*, 417 F.3d 789, 797 (7th Cir. 2005). The ADA defines disability as "(1) physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) a record of such impairment; and (3) being regarded as having such impairment." *Id.* citing 42 U.S.C. § 12102(2).

In his Complaint, Plaintiff alleges that his disabilities are osteoarthritis and obesity. Pl.'s Compl. at 22. Plaintiff also claims that Defendants were aware of Plaintiff's disabilities and were aware that he would need reasonable accommodations. *Id.* at 23. He states that his disabilities limited his ability to do his job because the disabilities made it more difficult for Plaintiff to "get into schools[,]" and to perform tasks involving "physical labor." *Id.* at 5; 23. Plaintiff also claims that Defendants failed to accommodate Plaintiff by refusing to provide Plaintiff additional training for the new job duties, refusing to reassure Plaintiff that his job was secure, refusing to accommodate Plaintiff's request to reduce his stress, refusing to provide Plaintiff "assistance with physical labor," and refusing to allow Plaintiff to increase the use of his assistants because of his disabilities. *Id.*

While the Court agrees with Defendants that many of Plaintiff's allegations with respect to Count VI are inactionable under the ADA, the Court finds plausible Plaintiff's claims that Defendants failed to provide Plaintiff additional assistance with

physical labor and refused to allow Plaintiff to use his assistants more frequently in light of his disabilities. The Court reminds Plaintiff it will be his burden to prove that reasonable accommodations for Plaintiff existed. Accordingly, the Court finds Count VI states a valid claim.

### D. Count VII

Count VII alleges that the District and the Board violated the ADA by retaliating against Plaintiff because he was disabled. Defendants argue Count VII should be dismissed because Plaintiff fails to allege a "causal link between protected activity and his release from employment." Defs.' Mot. to Dismiss Pl.'s Second Amend. Compl. at 11.

The ADA prohibits employers from retaliating against employees who assert their right to be free from discrimination. 42 U.S.C. § 12203(a). A retaliation claim under the ADA can be established using either direct or indirect proof. *Kersting v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1117 (7th Cir. 2001). To state a claim of under the direct proof method, a plaintiff must show (1) that he engaged in a statutorily protected activity; (2) that he suffered an adverse action; and (3) that a causal connection between the two exists. *Casna v. City of Loves Park*, 574 F.3d 420, 427 (7th Cir. 2009).

Plaintiff alleges that he informed Boyan he would need time off shortly before he was terminated. Plaintiff also claims that

he complained of "the discriminating conduct and request[ed] accommodations . . ." shortly before he was terminated. Since the termination shortly followed Plaintiff's request for accommodations and alleged complaints of discrimination, the allegations demonstrate a plausible connection between the protected activity and the adverse action. *See Ryan v. Pace Suburban Bus Div. of Reg'l Transp. Auth.*, 837 F.Supp.2d 834, 840 (N.D. Ill. 2011). Thus, the Court denies Defendants' motion to dismiss Count VII.

**E.  Count X**

Count X of Plaintiff's Complaint alleges a Title VII hostile environment claim against all Defendants based on Plaintiff's disability.  Defendants contend this claim fails because Title VII does not provide a cause of action for disability discrimination.

"Hostile work environment claims are typically associated with sexual harassment rather than disability claims." *Silk v. City of Chicago*, 194 F.3d 788, 803 (7th Cir. 1999).  The Seventh Circuit has not explicitly recognized an ADA claim based on harassment or a hostile work environment. *Ballard v. Solid Platforms, Inc.*, No. 2:10-cv-238, 2012 U.S. Dist. LEXIS 45447 at *41-42 (N.D. Ill. March 27, 2012).  "It has, however "assumed the existence of such claims where resolution of the issue has not been necessary."" *Id.* at *41 citing *Mannie v. Potter*, 394 F.3d 977, 982 (7th Cir. 2005). In those cases, it assumes that "the standards for proving such a

claim would mirror those . . . established for claims of hostile work environment under Title VII."  *Id.*

For the purposes of this Motion to Dismiss, the Court also assumes that Plaintiff's claim for hostile work environment based on his alleged disabilities is theoretically cognizable.  As such, the Court assesses Plaintiff's pleadings under the same Title VII standards applicable to hostile work environment claims based on sex or race.

In order to state a Title VII claim based on a hostile work environment, a plaintiff must establish that (1) his work environment was subjectively and objectively offensive; (2) his disability was the cause of the harassment; (3) the harassment was severe or pervasive; and (4) there is a basis for employer liability. *See Montgomery v. Am. Airlines, Inc.*, 626 F.3d 382, 390 (7th Cir. 2010).  Harassment includes all forms of conduct that unreasonably interfere with an employee's work performance. *McKenzie v. Illinois Dep't of Transp.*, 92 F.3d 473, 479 (7th Cir. 1996).  For the harassment to be actionable it must be so severe and so pervasive that it alters the conditions of the employee's employment and creates an abusive working atmosphere. *Id.*  "Title VII (or, for purposes of our analysis, the ADA) does not protect employees from "equal opportunity" harassers, [or] bullies . . ." *Ballard,* 2012 U.S. Dist. LEXIS 45447 at *43.

Plaintiff points to the March 2009 letter as well as the additional duties Boyan required him to perform without additional training as incidents of harassment. Plaintiff claims that such harassment was "based on Plaintiff's disability." Pl.'s Compl. at 27. He goes on to state that the harassment was severe and pervasive and the District and the Board were aware of it, but took no action to prevent it. *Id.*

Accepting as true Plaintiff's allegations, the Court finds Count X states a claim. Thus, the Court denies Defendants' Motion to Dismiss Count X of Plaintiff's Complaint.

## F. Punitive Damages

In their Motion to Dismiss, Defendants also ask the Court to dismiss Plaintiff's claims for punitive damages. With respect to those claims that remain (Counts VI, VII, and X), the Court notes that punitive damages are available under Title VII. *See generally Crousore v. Bockman, LLC*, No. 1:10-cv-353-TLS, 2012 U.S. Dist. LEXIS 163224 (N.D. Ind. Nov. 15, 2012) (stating a plaintiff may recover punitive damages for a Title VII violation if the plaintiff proves that the defendant engaged in discriminatory practices with malice or with a reckless indifference to the plaintiff's protected rights.). Accordingly, the Court refuses to strike Plaintiff's punitive damages request under Count X.

Plaintiff's other claims, Counts VI and VII, allege violations under the ADA. While punitive damages are available for Count VI,

Plaintiff's failure to accommodate claim, they are not available under Count VII, Plaintiff's ADA retaliation claim. *See* 42 U.S.C. § 1981(a); *U.S. E.E.O.C. v. AutoZone*, Inc., 822 F.Supp.2d 824 (C.D. Ill. 2011) (finding punitive damages are available in an ADA failure to accommodate case); *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 965 (7th Cir. 2004) (finding an ADA retaliation claim does not permit punitive damages because it is not listed in Section 1981(a))). As such, the Court strikes Plaintiff's request for punitive damages under Count VII.

## IV.   CONCLUSION

For the reasons stated herein, the Court rules as follows:

1.   grants Defendants' Motion to Dismiss Counts I, III, and IV of Plaintiff's Second Amended Complaint;

2.   denies Defendants' Motion to Dismiss Counts VI, VII, and X of Plaintiff's Second Amended Complaint;

3.   grants Defendants' Motion to Strike Plaintiff's punitive damages request under Count VII; and

4.   denies Defendants' Motion to Strike Plaintiff's punitive damages request under Counts VI and X.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

**DATE:** 1/14/2013

- 17 -